IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DEDRICK BUNTON | § | |
| v. | § | CIVIL ACTION NO. 9:07cv126 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Dedrick Bunton, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Bunton listed six disciplinary cases of which he complained, although he did not indicate the precise nature of these cases. As punishment for the cases, Bunton says that he was reduced in classification status from Line Class I to Line Class III, he lost a total of 345 days of good time, he was on restrictions from February until mid-summer, and he could not buy hygiene items. Bunton also referred to his face being bruised, but he did not make clear how this related to the disciplinary cases at issue.

Bunton said that he was denied the right to appeal the disciplinary cases because the grievance process did not work, that officers have retaliated against him for threatening to sue and that he has faced some fights which were actually self-defense. He further alleges that he has been denied due process in the disciplinary cases and that he is being held in false imprisonment because "they let inmates out before the set time they're telling me." He has been told that "his time is up

1

but he is still here," (although he does not make clear who told him this or to what this refers), that "they won't let him go to school or church," he has been made to "clean up horse poop in the fields," and that "they" are retaliating against him through his parole. Bunton also complained that he has been denied effective assistance of counsel in the disciplinary cases, that his mail is being stolen, that he is being "kept around illegal activities," his cellmate has assaulted an officer, and he has heard that "the parole lady is having sex with inmates." Bunton concedes that he is not eligible for release on mandatory supervision.

After review of the pleadings, the Magistrate Judge issues a Report on July 2, 2007, recommending that the petition be dismissed. The Magistrate Judge stated that the primary issue in the case concerned whether or not Bunton had been deprived of a constitutionally protected liberty interest, as discussed in Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). Because Bunton had not suffered such a deprivation, the Magistrate Judge concluded that his habeas corpus petition was without merit. *See* Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000); Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996).

The Magistrate Judge went on to note that Bunton appeared to raise various claims which fall outside of the realm of habeas corpus, including his claims that officers have retaliated against him for threatening to sue, he has been assaulted by officers, he cannot get hygiene items, he is being denied access to school and church, and he has been subjected to adverse working and housing conditions. Such claims do not relate to the fact or length of Bunton's confinement, and thus cannot serve as bases for federal habeas corpus relief. *See* Cook v. Hanberry, 596 F.2d 658, 660 and n.1 (5th Cir. 1979); Pierre v. U.S., 525 F.2d 933, 936 (5th Cir. 1976). The Magistrate Judge recommended that these claims be dismissed without prejudice to Bunton's right to assert them through a Section 1983 civil rights lawsuit.

Bunton filed objections to the Magistrate Judge's Report on July 17, 2007. However, his objections do not address the substance of the Report at all. Instead, Bunton lists ten disciplinary cases of which he complains, including the six which he originally mentioned, and sets out the nature

of the charges and a brief explanation of his complaint with each case. He makes no mention of the Magistrate Judge's conclusion that he failed to show the denial of a constitutionally protected liberty interest, nor of the conclusion that the allegations which do not sound in habeas corpus should be dismissed so that Bunton can pursue them through the proper procedural avenue. Bunton repeatedly states that he is being "picked on" by officers and other inmates, and remarks that these other inmates are "good at being friends with staff through gang activity and crime, especially sex."

The Magistrate Judge correctly determined that Bunton failed to show the deprivation of a constitutionally protected liberty interest and that in the absence of such a showing, Bunton's claim for habeas corpus relief was without merit. Malchi, 211 F.3d at 959; *see also* Arnold v. Cockrell, 306 F.3d 277, 278 (5th Cir. 2002) (inmate's challenge to disciplinary case failed because inmate not eligible for release on mandatory supervision and thus he failed to show the deprivation of a constitutionally protected liberty interest). Bunton's objections, which fail even to address this point, are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice as to Bunton's challenges to the disciplinary cases of which he complains. The dismissal of these challenges shall have no effect nor any prejudice upon any claims which Bunton may have which do not sound in habeas corpus, including but not limited to claims of retaliation, uses of force, lack of access to hygiene items, denials of access to educational and religious programs, and the conditions of his work assignment and housing assignment. It is further

ORDERED that the Petitioner Dedrick Bunton is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the 8 day of **August, 2007.**

---
Thad Heartfield
United States District Judge